Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/17/2026 08:13 AM CDT

Charles A. Wahl, appellee, v.
Leanne T. Wahl, appellant.
___ N.W.3d ___

Filed July 17, 2026.    No. S-25-435.

1. **Divorce: Appeal and Error.** In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge.
2. **Judgments: Appeal and Error.** When an appellate court reviews a trial court's ruling for an abuse of discretion, it is considering whether the ruling exceeded the bounds of permissible choice, given the evidence presented and the applicable law.
3. **Divorce: Judgments: Appeal and Error.** The meaning of a divorce decree presents a question of law, in connection with which an appellate court reaches a conclusion independent of the determination reached by the court below.
4. **Statutes.** Statutory interpretation presents a question of law.
5. **Divorce: Property Division: Armed Forces: Pensions.** While a service member may elect or be ordered by a court to designate a former spouse as a survivor benefit plan beneficiary, such designation precludes naming a future spouse as a beneficiary outside the grounds specified in 10 U.S.C. § 1450(b) and (f) (2018).
6. ____: ____: ____: ____. A trial court in a dissolution action has the option to either order a service member to name his or her former spouse as survivor benefit plan beneficiary or allow the service member to name the beneficiary of their choosing, whether it be a former spouse or a future spouse, but it cannot do both.
7. **Stipulations: Waiver: Appeal and Error.** A party's stipulation may waive the party's right to assign error relating to the matter stipulated to, even where the stipulation involves a question of law or some other evidentiary matters.

Appeal from the District Court for Scotts Bluff County: Leo P. Dobrovolny, Judge. Affirmed as modified.

Ryan K. McIntosh and Scott G. Smith, of Brandt, Horan, Hallstrom & Stilmock, for appellant.

Jason A. Ossian, of Douglas, Kelly, Ostdiek, Snyder, Ossian & Vogl, P.C., for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Freudenberg, J.

## INTRODUCTION

An appellant appeals the district court's decree of dissolution ordering her to pay costs associated with maintaining her as a beneficiary on the appellee's military survivor benefit plan coverage and allowing the appellee to name a subsequent spouse as the beneficiary on the plan should the appellee remarry. Based upon the following reasoning, we affirm as modified.

## BACKGROUND

Leanne T. Wahl and Charles A. Wahl were married in May 2009. The couple had one child born in 2016. Charles served in the U.S. Air Force from February 2001 until he retired in September 2021. During his marriage to Leanne, Charles served over 12 years of his more than 20 years of service.

Following Charles' retirement, the Veterans Benefits Administration of the U.S. Department of Veterans Affairs found that Charles qualified for disability compensation benefits with a 100-percent disability rating. Charles also began receiving military retired pay. Because military retired pay ends at the death of the retiree, Charles elected a "Survivor Benefit Plan" (SBP) at the time of his retirement. An SBP, created by 10 U.S.C. §§ 1447 to 1455 (2018 & Supp. V 2023), is an annuity plan under which a surviving spouse

or other designated beneficiary can continue to receive a monthly benefit following the death of a service member.[1] Charles' SBP covered Leanne as his spouse and their minor child. The monthly cost of Charles' SBP was $167.99 for Leanne and $0.03 for their minor child.

Charles filed a complaint for legal separation. The parties entered into a written "Custody, Parenting Time, Support and Property Settlement Agreement" (Settlement Agreement), which resolved all issues between the parties except the SBP. The Settlement Agreement was intended to become a part of the decree of dissolution if approved by the court.

Under the Settlement Agreement, as relevant to this appeal, the parties agreed to split their property, including bank accounts, vehicles, and real estate, with a $35,000 equalization payment to be made by Leanne to Charles. Under the Settlement Agreement, Leanne was to receive 29.9 percent of Charles' disposable military retirement. Charles was to receive the remaining 70.1 percent. On the issue of the SBP, the Settlement Agreement stated: "The issue of the ongoing election of beneficiary(ies) under the [SBP] connected to [Charles'] military retirement, and the costs thereof, shall be reserved for a judicial determination."

The parties also prepared a "Statement of Stipulated Facts on the Issue of Survivor Benefit Plan." The stipulated facts clarified the remaining issue between the parties was that Leanne wanted the court to order Charles to maintain SBP coverage on her as long as he received military retirement, whereas Charles wished to be allowed to select the beneficiaries of his SBP, including a potential future spouse. The parties agreed in the stipulation that the district court could order Leanne to reimburse Charles for any portion of the monthly premium for SBP coverage of a former spouse. The parties appeared to further stipulate that SBP coverage of a former spouse precluded coverage for a future spouse, while

---

[1] *Kuba v. Kuba*, 400 S.W.3d 869 (Mo. App. 2013).

acknowledging that Charles wished to select a future spouse as a beneficiary if he was allowed to do so under federal law. It provided:

12. That [Leanne] is requesting that the Court order [Charles] to maintain SBP coverage on her as long as he receives military retirement.

. . . .

14. [That Charles] is requesting that he be allowed to select his beneficiary for purposes of SBP; specifically, the ability to designate his minor child as his beneficiary as long as he is allowed to do so under federal law; and thereafter, a future spouse.

. . . .

17. [SBP] coverage of a former spouse precludes coverage for a future spouse. SBP coverage of a former spouse does not preclude coverage for the child of the parties, known as former-spouse and child coverage.

. . . .

21. The Court may order [Leanne] to reimburse [Charles] for any portion of the monthly premium for former spouse coverage.

At a final hearing, Charles was the sole witness to testify. Charles testified about the Settlement Agreement he had reached with Leanne, which the court received as exhibit 4. Charles also testified about the remaining issue of his SBP, and the court received the statement of stipulated facts on the issue of the SBP as exhibit 5.

The district court subsequently issued a ruling on the beneficiaries of Charles' SBP. The court recognized that "[i]f a former spouse is covered, a current spouse cannot be covered." Nonetheless, the court ordered Charles to "include Leanne as a SBP beneficiary until such time as he may remarry and make his then current spouse a SBP beneficiary." Leanne was ordered to reimburse Charles for the cost of maintaining her as an SBP beneficiary.

In so ordering, the court noted that, due to Leanne's earning capacity, the SBP was not the "'most important material asset of the marriage.'" The court also set forth that Leanne and Charles are also almost the exact same age, which the court reasoned lessened the risk of Charles predeceasing Leanne and leaving her without a valuable marital asset—her share of the military pension. The court found that giving Charles the option to remove Leanne as an SBP beneficiary did not deprive her of an interest in a marital asset because "the only way the value of that asset is realized by either party is ongoing payments while Charles survives."

The court thereafter issued a decree of dissolution incorporating the terms of the Settlement Agreement with the SBP issue resolved pursuant to its ruling.

Leanne appeals. Pursuant to our authority to regulate the dockets of the appellate courts, we moved the appeal to our docket.

## ASSIGNMENTS OF ERROR

Leanne assigns on appeal that the district court erred in (1) ordering her to pay the costs associated with her SBP coverage and (2) allowing Charles to name a subsequent spouse as the beneficiary of SBP coverage.

## STANDARD OF REVIEW

[1,2] In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge.[2] When an appellate court reviews a trial court's ruling for an abuse of discretion, it is considering whether the ruling exceeded the bounds of permissible choice, given the evidence presented and the applicable law.[3]

---

[2] *Hawk v. Hawk*, 319 Neb. 120, 21 N.W.3d 303 (2025).

[3] *State v. Damore*, 320 Neb. 914, 31 N.W.3d 604 (2026).

[3,4] The meaning of a divorce decree presents a question of law, in connection with which an appellate court reaches a conclusion independent of the determination reached by the court below.[4] Likewise, statutory interpretation presents a question of law.[5]

## ANALYSIS

Leanne asserts on appeal that the district court erred in ordering her to pay the costs associated with her SBP coverage and in allowing Charles to name a subsequent spouse as a beneficiary of the SBP, thereby replacing her as a beneficiary. As explained below, we hold that while the district court had discretion to order Leanne to pay the premiums for the SBP, it did not have the discretion to issue an order that allowed Charles to replace Leanne as a beneficiary to the SBP in the event he remarries.

SBPs are a creature of federal law, governed by 10 U.S.C. §§ 1447 to 1455, and "[a]ny right to create, modify, or revoke such plans is prescribed by Federal statutes."[6] Congress created the SBP because military pension payments cease upon the death of a service member.[7] An SBP is an annuity plan under which a surviving beneficiary, be it a surviving spouse, former spouse, or surviving minor child, can continue to receive a monthly benefit following the death of a service member.[8] A service member may elect to cover a former spouse or a state court may order a service member to provide an SBP annuity to a former spouse as part of equitable

---

[4] *Hawk v. Hawk, supra* note 2.

[5] *Id.*

[6] *In re Marriage of Coviello*, 2016 IL App. (1st) 141652, ¶ 12, 65 N.E.3d 565, 566, 408 Ill. Dec. 343, 344 (2016) (internal quotation marks omitted).

[7] See 10 U.S.C. § 1448. See, also, *Kuba v. Kuba, supra* note 1.

[8] See 10 U.S.C. §§ 1447 to 1455. See, also, *Martin v. Martin*, 320 A.3d 113 (Pa. Super. 2024).

distribution.[9] The SBP will generally cease upon the death of the surviving spouse or the surviving spouse's remarriage before the age of 55.[10]

The Uniformed Services Former Spouses' Protection Act (USFSPA) provides that disposable retired military pay is treated as marital property[11] and that state courts may treat a retired service member's disposable retirement pay either as the sole property of the service member or as property of both the member and the member's spouse.[12] Thus, one effect of the USFSPA is that nondisability military pensions and SBPs are not treated differently than nonmilitary pensions for purposes of categorization as marital property under Neb. Rev. Stat. § 42-366(8) (Reissue 2016).[13] Before the passage of the USFSPA, federal law prohibited state courts from treating military pensions as marital property subject to division in dissolution actions.[14]

Section 42-366(8) provides that the court shall include as part of the marital estate, for purposes of equitable division, "any pension plans, retirement plans, annuities, and other deferred compensation benefits owned by either party, whether vested or not vested." In *Kramer v. Kramer*,[15] the Nebraska Court of Appeals recognized that, pursuant to the USFSPA, military pensions and SBPs should be viewed as property subject to equitable division under § 42-366(8) and not as alimony. The Court of Appeals explained that the purpose of property division is to distribute the marital assets

---

[9] See, 10 U.S.C. § 1448(b)(2)(A) and (b)(3); 10 U.S.C. § 1450(f)(4).

[10] See 10 U.S.C. § 1450(b).

[11] See 10 U.S.C. § 1408(c) (2018).

[12] See *Id.*

[13] See *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887 (1984).

[14] See *McCarty v. McCarty*, 453 U.S. 210, 101 S. Ct. 2728, 69 L. Ed. 2d 589 (1981) (superseded by statute as stated in *Howell v. Howell*, 581 U.S. 214, 137 S. Ct. 1400, 197 L. Ed. 2d 781 (2019)).

[15] *Kramer v. Kramer*, 1 Neb. App. 641, 510 N.W.2d 351 (1993).

equitably between the parties, whereas alimony is meant to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and other criteria make it appropriate.[16] The Court of Appeals explained that, unlike alimony, when marital property is divided, typically "each party has the benefit of receiving a fixed amount or value which potentially can appreciate," and "each party's share is not subject to being later reduced or taken away entirely because of circumstances which occur in the life of the former spouse."[17] The Court of Appeals thus reversed the district court's decision that alimony be paid out of the military pension, and it remanded with instructions for the district court to award the wife a percentage interest in the military pension as part of the property division as permitted under 10 U.S.C. § 1408. The Court of Appeals also instructed the district court to order the husband to maintain the wife as an SBP beneficiary under 10 U.S.C. § 1450(f)(4) to ensure the wife retained complete ownership of the important marital asset.[18]

## Designation of Former Spouse Precludes Designating a New Spouse

We have not had the opportunity to consider whether a dissolution court may award SBP benefits to a former spouse subject to a retired military spouse's subsequent remarriage. However, as noted in the parties' stipulation, 10 U.S.C. §§ 1448 and 1450 provide that an election of coverage of a former spouse precludes coverage of a future spouse and that such coverage is not revocable outside of certain limited exceptions that are not applicable to this case.

---

[16] See *id.* See, also, Neb. Rev. Stat. § 42-365 (Reissue 2016).

[17] *Kramer v. Kramer, supra* note 15, 1 Neb. App. at 647, 510 N.W.2d at 355. See, also, *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997).

[18] See *Kramer v. Kramer, supra* note 15.

According to 10 U.S.C. § 1450(f)(4), a dissolution court may order a service member to elect a former spouse as an SBP beneficiary as set forth under 10 U.S.C. § 1448(b). And 10 U.S.C. § 1448(b)(3) provides that a retired service member who is already participating in the SBP may elect, or be ordered by a court, to provide coverage to a former spouse "who was not that person's former spouse when that person became eligible to participate in the [SBP]." Leanne and Charles fall under 10 U.S.C. § 1448(b)(3). Charles was participating in the SBP upon his retirement, and Leanne is now his former spouse but was not his former spouse when Charles became eligible to participate in the SBP.[19]

Pursuant to 10 U.S.C. §§ 1448(b)(3)(C) and 1450(g), such an election under 10 U.S.C. § 1448(b), whether made as a result of a voluntary agreement or court order, may not be changed or revoked unless the parties agree to the change or revocation or a court order modifies all previous court orders relating to such election.[20] Further, 10 U.S.C. § 1450(f)(2) governs changes in beneficiaries when former spouse coverage is in effect, and it provides:

> (f) Change in Election of Insurable Interest or Former Spouse Beneficiary.—
>
> . . . .
>
> (2) Limitation on change in beneficiary when former spouse coverage in effect.—A person who, incident to a proceeding of divorce, dissolution, or annulment, is required by a court order to elect under section 1448(b) of this title to provide an annuity to a former spouse (or to both a former spouse and child), . . . may not change that election under paragraph (1) unless, [one] of the following requirements, whichever are applicable in a particular case are satisfied:

---

[19] See *Matter of Marriage of Thrailkill*, 57 Kan. App. 2d 244, 452 P.3d 392 (2019).

[20] See 10 U.S.C. §§ 1448(b)(3)(C) and 1450(g).

(A) In a case in which the election is required by a court order, . . . the [service member]—

(i) furnishes to the Secretary concerned a certified copy of a court order which is regular on its face and which modifies the provisions of all previous court orders relating to such election, or the agreement to make such election, so as to permit the person to change the election[.]

While the election of former spouse coverage may not be changed or revoked by the service member outside of the grounds in § 1450(f)(2), the former spouse's annuity is subject to termination if the former spouse dies or remarries before reaching age 55.[21]

Other state courts have consistently held that an election designating a former spouse as the beneficiary precludes the member from designating a new spouse or any other former spouses as beneficiaries absent certain circumstances.[22] In *In re Marriage of Coviello*,[23] for instance, an Illinois appellate court explained that, under 10 U.S.C. § 1448(b), survivor benefits are not divisible and that naming a former spouse as a beneficiary forecloses naming a future spouse. The court said the question of an SBP, "unlike many other questions regarding marital property, is very much an all-or-nothing proposition";[24] thus, trial courts determining the distribution of an SBP are faced with the "options of giving all of the survivor benefits to [the former spouse] or none of them."[25] Similarly, in *Martin v. Martin*,[26] the Superior Court

---

[21] See 10 U.S.C. § 1450(b).

[22] See, e.g., *Kuba v. Kuba, supra* note 1; *In re Marriage of Coviello, supra* note 6; *Martin v. Martin, supra* note 8.

[23] *In re Marriage of Coviello, supra* note 6.

[24] *Id.* at ¶ 13, 65 N.E.3d at 567, 408 Ill. Dec. at 345.

[25] *Id.*

[26] *Martin v. Martin, supra* note 8.

of Pennsylvania explained that "designating a former spouse as the beneficiary [of an SBP] precludes the designation of a current, future, or any other former spouses as additional beneficiaries."[27] The court there accordingly reversed the trial court's order on the division of marital assets, which had awarded the wife a 60-percent interest in the husband's military pension but allowed the husband to remove the wife as an SBP beneficiary in the event of remarriage.[28]

[5,6] These cases are consistent with both the federal statutory provisions governing SBPs and Nebraska law holding that, in equitable property division, "each party's share is not subject to being later reduced or taken away entirely because of circumstances which occur in the life of the former spouse."[29] We hold that while a service member may elect or be ordered by a court to designate a former spouse as an SBP beneficiary, such designation precludes naming a future spouse as a beneficiary outside the grounds specified in 10 U.S.C. § 1450(b) and (f). Accordingly, a trial court in a dissolution action has the option to either order the service member to name his or her former spouse as SBP beneficiary or allow the service member to name the beneficiary of their choosing, whether it be a former spouse or a future spouse, but it cannot do both.

The district court abused its discretion by ordering Charles to maintain Leanne as an SBP beneficiary while giving Charles the option to remove and replace Leanne as a beneficiary in the future in the event of Charles' remarriage. Indeed, the parties acknowledged this when they agreed "coverage of a former spouse precludes coverage for a future spouse." The district court's decision to order Charles to maintain Leanne as a beneficiary but also to allow Charles to remove Leanne in

---

[27] *Id.* at 125 n.3 (citing 10 U.S.C. § 1448(b)(2)(B) and (C)).

[28] See *Martin v. Martin, supra* note 8.

[29] *Kramer v. Kramer, supra* note 15, 1 Neb. App. at 647, 510 N.W.2d at 355.

the event he remarries was not within the bounds of permissible choices based on the applicable law.

Consistent with the statutory scheme governing SBPs, relevant case law, and the parties' stipulation below, we modify the district court's order by striking that part of the order permitting Charles to remove Leanne as a beneficiary in the event Charles remarries. Charles may not change or revoke the ordered election of Leanne as an SBP beneficiary outside the grounds specified in 10 U.S.C. § 1450(b) and (f).

## It Is Permissible to Order Nonmilitary Spouse to Pay SBP Premiums

[7] We otherwise affirm the district court's order. We disagree with Leanne's argument that the district court erred in ordering her to reimburse Charles for the cost of maintaining her as an SBP beneficiary. Leanne stipulated below that the district court could order her to pay any portion of the monthly premium. And in various contexts, we have held that a party's stipulation may waive the party's right to assign error relating to the matter stipulated to, even where the stipulation involves a question of law or some other evidentiary matter.[30] In any event, the law on this point is clear.

In *Harris v. Harris*,[31] we held that it is within the district court's discretion to order a nonmilitary spouse to pay the premiums for an SBP benefit. We found in *Harris* that the district court did not abuse its discretion in ordering a husband to maintain and pay the premiums on an SBP in favor of the wife, but we noted that courts have "broad discretion" in valuing pension rights and dividing such rights between the parties.[32] *Harris* is consistent with other jurisdictions that hold that trial

---

[30] *D&M Roofing & Siding v. Distribution, Inc.*, 319 Neb. 707, 24 N.W.3d 850 (2025).

[31] *Harris v. Harris*, 261 Neb. 75, 621 N.W.2d 491 (2001).

[32] *Id.* at 83, 621 N.W.2d at 498.

courts have discretion to shift or split the cost of maintaining an SBP premium.[33]

The district court's decision here ordering Leanne to remit the costs associated with maintaining her as an SBP beneficiary was not an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the district court abused its discretion by allowing Charles to replace Leanne in the event he remarries but did not abuse its discretion in ordering Leanne to reimburse Charles for the cost of maintaining her as an SBP beneficiary. We therefore affirm as modified.

Affirmed as modified.

---

[33] See, e.g., *In re Marriage of Smith*, 148 Cal. App. 4th 1115, 56 Cal. Rptr. 3d 341 (2007); *Leonard v. Leonard*, 877 N.E.2d 896 (Ind. App. 2007); *Kuba v. Kuba, supra* note 1.